**Kuldip RAY, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72447.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Genevieve Holm, OIL, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, Gregory Michael Kelch, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Kuldip Ray, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on Ray's submission of fraudulent documents and an inconsistency within his testimony regarding matters at the heart of his claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Further, the record does not support Ray's contention that the IJ improperly evaluated the evidence. Accordingly, Ray failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to review Ray's contention that the IJ did not give him a second opportunity to secure and present corroborating evidence because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Ray's CAT claim is based on the same evidence that the IJ found not credible, and Ray points to no other evidence that the IJ should have considered, he failed to show he qualified for CAT protection. *See Farah*, 348 F.3d at 1157.

Finally, the agency's finding that Ray filed a frivolous asylum application was appropriate. *See Ahir v. Mukasey*, 527 F.3d 912, 917–19 (9th Cir.2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**